SARAH A. SMITH v. B. H. FITE.

*Appeal— Transcript— Verdict.*

1. It is the duty of the appellant to have so much of the record sent up as may be necessary to present clearly the matters which he desires to have reviewed, and he cannot take advantage of any defect in the transcript for failure to set out the case intelligibly.

2. A verdict of a jury may be made intelligible and operative by a reference to a plat of a survey offered in evidence on the trial.

CIVIL ACTION for the recovery of land, tried before *Graves, Judge,* at Fall Term, 1886, of GASTON Superior Court.

The following issues were submitted, which were answered, as indicated:          .

"1. Is the plaintiff the owner of the land in dispute. or of any part thereof?

Response: Yes, up to the red line upon our plat.

2. Was the defendant, Fite, in possession of any part of the land, to which Smith had title, at the commencement of this suit?

Response: Yes, up to the red line on our plat."

The defendant moved for a new trial, for error in the charge of the Court, which was overruled.

Defendant then moved to vacate and set aside the verdict for uncertainty, which was disallowed.

He then "moved for judgment for himself upon the verdict," which was disallowed, and the Court gave the following judgment:

" This cause coming on for trial, and the jury, in response to the issues submitted to them and the facts admitted on trial, having found—

*First,* That the plaintiff is the owner of that portion of the disputed land, designated in the plat hereto attached and made a part of this judgment, in the area colored green, up to and south and southwest of the red line crossing the same, which is known as the Jingles line; and

*Second,* That at the commencement of this action defendant was in possession of said land, above described, wrongfully:

Therefore, it is considered and adjudged by the Court that plaintiff have and recover possession of the said land above described, and that a writ of possession issue accordingly, and for costs."

From said judgment the defendant appealed.

*Mr. John F., Hoke,* for the plaintiff.
*Mr. W. P. Bynum,* for the defendant.

DAVIS, J.   No case on appeal is sent up, and what the error in the charge of the Court was, on account of which the defendant moved for a new trial, does not appear, and we can only consider errors assigned or apparent upon the record.

The motion to vacate and set aside the verdict for uncertainty is alone relied upon in this Court, and the appellant insists that it ought to have been set aside, and complains that the plat referred to does not accompany the case.   It is the appellant's duty, as it is his right, to have so much of the record sent up as he thinks necessary to the proper adjudication of all questions material to his rights, and if he fails to have it so sent up he cannot avail himself of the omission.   The verdict refers to the plat which, it is manifest, was before the jury and the Court, and which had, as the record shows, been prepared under an order of survey previously made in the cause, and we must assume that the reference to the plat rendered the verdict intelligible and certain, upon which the Court could render judgment; this is made plain by the reference to the verdict contained in the judgment. There is no error.

Affirmed.