C. E. GROVE ET AL. v. JOHN A. BAKER ET AL.

(Filed 12 December, 1917.)

**1. Appeal and Error—Verdict Set Aside—Refusal of Judgment.**

Where judgment upon the verdict has been asked and the judge sets aside an answer to one of the issues as a matter of law, and not within his discretion, the right demanded is a substantial one, and an appeal from its refusal will presently lie, and is not fragmentary.

**2. Verdicts—Answer to Issues—Definiteness—Courts—Findings of Fact.**

Where on a trial in ejectment a court map has been introduced and used by the parties and referred to in the court's instruction to the jury, and the true divisional line between the lands is in dispute, an answer to the issue that the line is between "4 to 3" is sufficiently definite upon which to render judgment, it being found as a fact by the trial judge that the response referred to these figures upon the official map.

**3. Same—Waiver—Presumptions—Evidence.**

Where a verdict is rendered in open court, a party should then object to the indefiniteness of an answer to an issue, so the judge could submit it to the jury again, or he will be deemed to waive his objection; and when this course has not been taken and the judge has found sufficient facts upon which its definiteness is made to appear on appeal, his finding will be presumed to have been upon sufficient evidence, nothing else appearing.

**4. Appeal and Error—Refusal of Judgment—Verdict—Objections and Exceptions—Case.**

Where the trial judge erroneously sets aside an answer to an issue as a matter of law and refuses judgment upon the verdict the appellate court will reverse such action; but appellant's other exceptions, if properly taken, will be preserved to him.

APPEAL by plaintiffs from *Shaw, J.,* at March Term, 1917, of BUN-COMBE.

Ejectment. The jury responded to the issues as follows:

1. Are the plaintiffs the owners and entitled to the possession of the tract of land described in the complaint? Answer: Yes.

2. Are the defendants in the wrongful possession of said land, or any part thereof? Answer: Yes.

3. Where is the true dividing line between the lot claimed by the plaintiff and that claimed by the defendant? Answer: 4 to 3.

4. What damages, if any, are the plaintiffs entitled to recover? Answer: One dollar.

The plaintiffs moved for judgment upon the verdict. The defendants moved to strike out the response to the third issue as too indefinite and to grant a new trial on that issue. The court being of that opinion so ordered, "simply as a matter of law, and not in the exercise of any discretion."

The court found the facts as follows: "O. L. Israel, the county surveyor who had been appointed by order of the court to make a survey showing the lines in controversy and the contentions of the parties, was introduced as a witness on behalf of the plaintiffs. The said Israel, under the order appointing him surveyor, was ordered by the court to make maps and blue-prints, and they were used by him in explaining his testimony to the jury and were also used by the court and referred to by the court in its charge to the jury. The court also used said blue-prints or maps in stating the contentions of the parties. The court

finds as a fact that the answer of the jury to the third issue 'from 4 to 3' referred to the figures 4 to 3 as laid down on the plat of the official surveyor made by O. L. Israel, court surveyor, a copy of said map being hereto attached and made a part of this judgment."

The plaintiffs appealed.

*Martin, Rollins & Wright for plaintiffs.*
*M. W. Brown, James H. Merrimon, and J. M. Gudger, Jr., for defendants.*

CLARK, C. J. The defendants contend that the appeal from the order setting aside the finding on the third issue and awarding a new trial as to that is fragmentary and premature. This would be so if the partial new trial had been granted as a matter of discretion (*Billings v. Observer,* 150 N. C., 542, but the plaintiffs appealed from the refusal of their motion for judgment upon the verdict. The finding upon the third issue was set aside as a matter of law and not of discretion. The right to a judgment is a substantial right, and from its erroneous refusal an appeal lies.

As the court found upon adequate evidence that the finding upon the third issue "from 4 to 3 referred to those figures upon the map made by the county surveyor under order of the court, which was referred to by the court in its charge, blue-prints of which were given to the jury under such instructions," it was error to hold as a matter of law that the response to the third issue was too indefinite to justify judgment thereon.

The verdict of·the jury, taken in connection with the evidence in the case and the findings of fact by the judge, is entirely definite and entitled the plaintiffs to judgment in accordance therewith.

In *Reynolds v. Express Co.,* 172 N. C., 491, it is said: "It is a recognized principle in our system of procedure that a verdict may be interpreted and allowed significance by proper reference to the pleadings, the evidence, and the charge of the court."

"A verdict should be liberally and favorably construed with a view to sustaining it if possible, and in order to a proper apprehension of its significance resort may be had to the pleadings, the evidence, and the charge of the court." *Donnell v. Greensboro,* 164 N. C., 337. "The meaning of a verdict may be found by reference to the charge of the court." *S. v. Murphy,* 157 N. C., 616.

In this case the blue-prints which the jury had before them in deliberating upon their verdict and in returning the same was the official plat. A case almost exactly in point is *Smith v. Fite,* 98 N. C., 517, an action of ejectment, where the jury found that the plaintiff was the owner of the land in dispute "up to the red line upon our plat." The defendant

moved for a new trial and to set aside the verdict for uncertainty. The court rendered judgment in favor of the plaintiff up to the red line in accordance with the finding of the jury, and on appeal this Court affirmed the judgment, saying: "The verdict refers to the plat which, it is manifest was before the jury and the court, and which had, as the record shows, been prepared under an order of survey previously made in the cause, and we must assume that the reference to the plat rendered the verdict intelligible and certain, upon which the court could render judgment. This is made plain by the reference to the verdict contained in the judgment.

In this case the judge finds as a fact that the answer of the jury to the third issue "from 4 to 3" referred to the figures 4 to 3 as laid down on the plat of the official court surveyor.

If the verdict was rendered in open court, the counsel for the defendants should then and there have made the objection for the alleged indefiniteness of the words "4 to 3" in the response to the third issue, and the court, of course, would at once have referred the matter to the jury. *S. v. Whitson,* 111 N. C., 695. Not having done so, the objection was waived. Indeed the jury could be reassembled. *Luttrell v. Martin,* 112 N. C., 607; *Petty v. Rousseau,* 94 N. C., 362.

It may be, though it does not appear here, that the jury could not be reassembled, but the judge, if such was the case, must be presumed to have acted upon testimony in making his finding above set out. There is no allegation that there was no evidence to sustain such finding, and we must presume it to be correct.

The appeal from the judgment is a sufficient assignment of error and no case on appeal is necessary.

The judgment setting aside the third issue as a matter of law for indefiniteness is therefore set aside, and the case is remanded that judgment may be entered in accordance with the verdict and the facts as found by the judge. When the judgment is so entered, the defendants will be entitled to appeal upon any exceptions taken by them at the trial if they have preserved such exceptions by filing them in the record. *Bazemore v. Bridgers,* 105 N. C., 192.

Reversed.